**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **BRANDON DENARD SHUFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:24-cv-268-CWB** |
| | ) | |
| **LELAND DUDEK,** | ) | |
| **Acting Commissioner of** | ) | |
| **Social Security,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

### I.    Introduction and Administrative Proceedings

Brandon Denard Shuford ("Plaintiff") filed an application for Disability Insurance Benefits under Title II of the Social Security Act and an application for Supplemental Security Income under Title XVI of the Social Security Act on April 13, 2021—alleging disability onset as of March 17, 2020 due to bullet in spine, bad nerve in left leg that gives out, damaged left lung, difficulty breathing, heart problems, back pain, and difficulty staying awake.  (Tr. 10, 54-56, 64, 72-74, 82).[2]  The claim was denied at the initial level on September 1, 2021 and again after reconsideration on July 8, 2022.  (Tr. 10, 106, 111, 126, 129).  Plaintiff then requested *de novo* review by an administrative law judge ("ALJ").  (Tr. 10, 135-36).  The ALJ subsequently heard the case on March 16, 2023 (Tr. 10, 46-52), at which time testimony was given by a vocational expert (Tr. 49-51).  Plaintiff did not appear at the hearing but was represented by his attorney.

---

[1] Leland Dudek became Acting Commissioner for the Social Security Administration on or about February 19, 2025 and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2] References to pages in the transcript are denoted by the abbreviation "Tr."

(Tr. 48).  The ALJ issued a Notice to Show Cause to determine if Plaintiff had a good reason for not being present at the hearing, took the matter under advisement, and issued a written decision on July 6, 2023 that found Plaintiff not disabled.  (Tr. 10-25, 52, 195-200).

The ALJ's written decision contained the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2022.

2. The claimant has not engaged in SGA since March 17, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: status post gunshot wounds, degenerative disc disease (DDD), obesity, and depression (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).  He can lift and carry up to 20 pounds occasionally and up to 10 pounds frequently; can sit, stand, or walk for six hours each out of an eight-hour day; can occasionally climb ramps and stairs, ladders, ropes, and scaffolds; can frequently balance; can occasionally stoop; can occasionally kneel, crouch, and crawl; is able to understand simple and routine tasks, and is able to make simple work-related decisions involving the use of judgment.

6. The claimant is capable of performing past relevant work as a hinge assembler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from March 17, 2020, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 13, 14, 18, 23, 24).  On February 27, 2024, the Appeals Council denied Plaintiff's request for review (Tr. 1-5), thereby rendering the ALJ's decision the final decision of the Commissioner. *See, e.g., Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Plaintiff now asks the court to reverse the final decision and remand the case for a new hearing and further consideration. (Doc. 6 at p. 7). As contemplated by 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the exercise of jurisdiction by a United States Magistrate Judge (Docs. 8 & 9), and the court finds the case ripe for review pursuant to 42 U.S.C. §§ 405(g) & 1383(c)(3) in that the court construes Plaintiff's supporting brief (Doc. 6) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 7) as a competing motion for summary judgment. Upon consideration of the parties' submissions, the relevant law, and the record as a whole, the court concludes that Plaintiff's motion for summary judgment is due to be denied, that the Commissioner's motion for summary judgment is due to be granted, and that the final decision is due to be affirmed.

## II.    Standard of Review and Regulatory Framework

The court's review of the Commissioner's decision is a limited one. Assuming the proper legal standards were applied by the ALJ, the court is required to treat the ALJ's findings of fact as conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla," but less than a preponderance, "and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.") (citations omitted). The court thus may reverse the ALJ's decision only if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *See Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Reversal is not warranted simply because the court itself would have reached a contrary result. *See Edwards v. Sullivan*,

937 F.2d 580, 584 n.3 (11th Cir. 1991).  Despite the deferential nature of its review, however, the court must look beyond those parts of the record that support the decision, must view the record in its entirety, and must take account of evidence that detracts from the evidence relied on in the decision.  *See Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986); *see also Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

To qualify for disability benefits and establish entitlement for a period of disability, a person must be unable to:

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[3]  To make such a determination, the ALJ employs a five-step sequential evaluation process:

(1) Is the person presently unemployed?

(2) Is the person's impairment severe?

(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?

(4) Is the person unable to perform his or her former occupation?

(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  *See also* 20 C.F.R. §§ 404.1520 &

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

416.920.[4]

The burden of proof rests on the claimant through step four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant establishes a *prima facie* case of a qualifying disability once he or she has carried the burden of proof from step one through step four. *Id*. At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id*.

In order to assess the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Phillips*, 357 F.3d at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id*. at 1239. To do so, the ALJ can use either the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239-40. The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual, and combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*. at 1240.

---

[4] Because the same sequence applies in both, cases arising under Title XVI are appropriately cited as authority in Title II cases, and vice versa. *See, e.g., Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

### III.    Issue on Appeal

Plaintiff raises one issue on appeal:  whether the ALJ erred in failing to find good cause for Plaintiff's failure to appear at the hearing.  (Doc. 6 at p. 2).

### IV.    Discussion

Social Security regulations provide that "[a]ny party to a hearing has a right to appear before the administrative law judge ... to present evidence and to state his or her position" and that "[a] party may also make his or her appearance by means of a designated representative ... ." 20 C.F.R. §§ 404.950(a), 416.1450(a).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation omitted).  However, "[t]here must be a showing of prejudice before [a court] will determine that a social security claimant's due process rights have been violated to such a degree that the case must be remanded to the Commissioner for development of the record."  *McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599 (11th Cir. 2016) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)).  "This at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision."  *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985).  "A claimant cannot show prejudice by speculating that she would have benefitted from a more comprehensive hearing."  *McCabe*, 661 F. App'x at 599.

Plaintiff argues that the ALJ erred in not finding that he showed good cause under the Hearing, Appeals, and Litigation Law Manual ("HALLEX") I-2-4-25(C) for his failure to appear at the March 16, 2023 hearing.  (Doc. 6 at pp. 5-6).  Plaintiff asserts that the ALJ did not provide an adequate explanation for finding that the stated reason for not appearing was not an

unforeseeable event. (*Id*. at p. 6).[5]  The Commissioner contends that the ALJ properly followed the procedures laid out in HALLEX § I-2-4-25(D)(2) to find that Plaintiff constructively waived his right to appear and issued a decision based on the evidence of the record. (Doc. 7 at p. 5).

"HALLEX is an agency handbook for the SSA." *Carroll v. Soc. Sec. Admin., Com'r*, 453 F. App'x 889, 892 (11th Cir. 2011).  "As a general rule, where the rights of individuals are affected, an agency must follow its own procedure, even where the internal procedures are more rigorous than otherwise would be required." *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981).[6] While the Eleventh Circuit has not affirmatively stated whether HALLEX creates judicially enforceable rights, the court has held that, to the extent it does, "an agency's violation of its own governing rules must result in prejudice before we will remand to the agency for compliance." *Carroll*, 453 F. App'x at 892 (citing *Hall*, 660 F.2d at 119); *see also McCabe*, 661 F. App'x at 599 ("This Court has not decided whether HALLEX carries the force of law. ... Even assuming (without deciding) that HALLEX carries the force of law and the agency failed to comply with it, [the plaintiff] has not shown that she was prejudiced by this failure."); *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) ("While HALLEX does not carry the authority of law, this court has held that 'where the rights of individuals are affected, an agency must follow its own

---

[5] Plaintiff's sole contention of error is that the ALJ erred in not finding good cause for his failure to appear at the March 16, 2023 hearing.  Plaintiff therefore has waived all other issues related to the ALJ's disability determination, including the ALJ's evaluation of Plaintiff's RFC, subjective symptom allegations, and vocational evidence.  *See Chait v. Comm'r of Soc. Sec.*, No. 2:17-cv-222, 2018 WL 2715459, at *1 (M.D. Fla. June 6, 2018) ("Any issue not raised by Plaintiff on appeal is deemed to be waived.") (citing *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.")).

[6] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding in the Eleventh Circuit).

procedures, even where the internal procedures are more rigorous than otherwise would be required.'  If prejudice results from a violation, the result cannot stand.") (quoting *Hall*, 660 F.2d at 119); *Burnett v. Comm'r of Soc. Sec.*, No. 2:22-cv-669, 2024 WL 1270486, at \*5 (M.D. Fla. Mar. 26, 2024) ("'[T]he Eleventh Circuit has indicated in several unpublished decisions that HALLEX does not create judicially enforceable rights, particularly where a plaintiff fails to establish prejudice.'") (citation omitted).

HALLEX § I-2-4-25(D)(2), 1993 WL 643012 sets forth the procedures for when a claimant fails to appear at a hearing but the appointed representative appears and continues to represent the claimant.  In such instances, "the ALJ may determine that the claimant has constructively waived the right to appear at the hearing if: The representative is unable to locate the claimant; The Notice of Hearing was mailed to the claimant's last known address; and The agency has followed the contact procedures required by 20 CFR 404.938(c) and 416.1438(c)." *Id.*[7]  If the ALJ finds that the claimant constructively waived his or her right to appear at the hearing, the ALJ need not proceed with the hearing and may choose to issue a decision on the record, but the ALJ will advise the appointed representative, either on the record during the hearing or in writing thereafter, that the ALJ will not send a request to show cause for failure to appear to the claimant because the claimant constructively waived his or her the right to appear at the hearing. *See* HALLEX § I-2-4-25(D)(2)(a), 1993 WL 643012.

---

[7] Title 20 C.F.R. §§ 404.938(c) and 416.1438(c) provide the following: "The notice of hearing will ask you to return a form to let us know that you received the notice.  If you or your representative do not acknowledge receipt of the notice of hearing, we will attempt to contact you for an explanation.  If you tell us that you did not receive the notice of hearing, an amended notice will be sent to you by certified mail." *Id.*  Plaintiff does not allege that there was any deficiency as to the notice of hearing sent to him by the Commissioner or that he did not receive it.

If the ALJ finds that the claimant did not constructively waive his or her right to appear at the hearing, the ALJ may choose to proceed with the hearing, accepting the testimony of the witness(es) and allowing the appointed representative to question the witness(es) and make arguments on the claimant's behalf. *See* HALLEX § I-2-4-25(D)(2)(b), 1993 WL 643012. The ALJ will then advise the appointed representative that the ALJ will send a request to show cause for failure to appear to the claimant to ask why he or she did not appear at the hearing and whether a supplemental hearing should be held. *Id*. The ALJ will subsequently determine that the claimant constructively waived his or her right to appear at the hearing if the claimant fails to respond or show good cause for the failure and will issue a decision based on the evidence of record. *Id*. On the other hand, the ALJ will offer the claimant a supplemental hearing to provide testimony if the claimant establishes good cause for failing to appear at the hearing as scheduled. *Id*.

In defining "Good Cause for Failure to Appear," HALLEX § I-2-4-25(B), 1993 WL 643012, explains that the "term 'good cause' refers to a reasonable explanation for failing to comply with a requirement" and states that when determining whether good cause exists for failure to appear, the ALJ must base a decision on the circumstances of each case and that in doing so, the ALJ must consider any physical, mental, educational, or linguistic limitations that may have prevented the claimant from appearing at the scheduled time and place of the hearing. HALLEX § I-2-4-25(C)(1), 1993 WL 643012, instructs that although "[t]here are no set criteria for determining what constitutes good cause for failure to appear ... good cause generally exists" when (1) the claimant did not receive proper notification of the hearing, (2) "an unforeseeable event occurred" where neither the claimant nor the appointed representative could timely request a postponement of the hearing, or (3) the appointed representative withdrew shortly before the

hearing without the claimant's knowledge.  Further, the regulations cited within HALLEX § I-2-4-25(B), 20 C.F.R. §§ 404.911 and 416.1411, provide the following added guidance regarding examples of "good cause":

(a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider—

(1) What circumstances kept you from making the request on time;

(2) Whether our action misled you;

(3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and

(4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from [complying with the notice of hearing].

(b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:

(1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.

(2) There was a death or serious illness in your immediate family.

...

(6) We gave you incorrect or incomplete information ... .

(7) You did not receive notice of the determination or decision.

(8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.

(9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

20 C.F.R. §§ 404.911(a), (b) and 416.1411(a), (b).

The ALJ noted that on December 8, 2022 a Notice of Hearing was mailed to Plaintiff's address on file, notifying him that a telephone hearing was scheduled to be held in his case at 9:00 a.m. on March 16, 2023 and that a copy of the Notice of Hearing was also mailed to Plaintiff's representative. (Tr. 10, 176, 187). On February 24, 2023, a Notice of Hearing-Important Reminder was mailed to Plaintiff's address on file, reminding him of the scheduled telephone hearing, as well as a copy of the Notice to Plaintiff's representative. (Tr. 10, 190-93). On March 16, 2023, the ALJ conducted a hearing by telephone due to the extraordinary circumstances presented by the Coronavirus Disease 2019 (COVID-19) Pandemic. (Tr. 10, 46-53). The ALJ noted that "[a]ll participants attended the hearing by telephone" and that "[a]lthough the claimant did not appear at the hearing as scheduled, his representative did appear at the hearing, represented the claimant at the hearing, and had no objection to the telephonic nature of the hearing." (Tr. 10, 46-53). At the close of the hearing, the ALJ informed Plaintiff's representative of the following:

> All right, Counsel, we're going to issue a Notice to Show Cause to see if we can locate the Claimant and see if he has good reason for not being in here today and then we will determine whether we need to reschedule this. If not, there's a possibility that I could declare him a non-essential party and go ahead and release a decision if we can't ever hear back from him.

(Tr. 52).

On April 6, 2023, the ALJ sent a Request to Show Cause for Failure to Appear to the address on file for Plaintiff, directing him to provide a written explanation within 10 days as to why he did not attend his scheduled hearing and whether he still wanted the ALJ to hold a hearing on his claim. (Tr. 11, 195-200). On April 12, 2023, Plaintiff responded to the Request to Show Cause for Failure to Appear, explaining that he "had just got[ten] out of the hospital a couple of days before the hearing" and did not attend the hearing due to oversleeping after taking some pain medications. (Tr. 11, 201). The ALJ then determined as follows:

11

The undersigned has considered the claimant's response to the Request to Show Cause for Failure to Appear and finds that good cause for the claimant's failure to appear has not been shown. Although good cause may be shown by the occurrence of an unforeseeable event that prevents the claimant from notifying the Administrative Law Judge and requesting a postponement in enough time before the scheduled hearing, (HALLEX I-2-4-25(C)(1)(b)), oversleeping, even after taking pain medication, does not constitute an unforeseeable event that supports a good cause finding.

Because the claimant has not shown good cause for his failure to appear at the scheduled hearing, the undersigned determines that the claimant has constructively waived his right to appear for a hearing, and this decision is being issued based on the evidence of record, including the vocational expert's testimony taken during the hearing held on March 16, 2023 (HALLEX I-2-4-25(D)(2)(b).

(Tr. 11).

Plaintiff argues that "the ALJ's conclusion is, in essence, that Shuford could foresee that taking pain medication the night before his hearing could cause him to oversleep" and that the ALJ "suggests that Shuford would either be expected to forego pain medication to insure that he does not oversleep due to pain medication, or, if he is going to take pain medication the night before the hearing, that he should take such other measures that will still insure that he does not oversleep, despite taking pain medication." (Doc. 6 at pp. 6-7). The Commissioner argues that Plaintiff's argument ignores reasonable mitigation efforts that Plaintiff could have taken to prevent himself from oversleeping. (Doc. 7 at p. 6).

The record reflects that Plaintiff received proper notice of the hearing. The record further reflects that the ALJ did not initially find that Plaintiff constructively waived his right to appear at the hearing, as the ALJ heard evidence and informed Plaintiff's representative that a request to show cause for failure to appear would be sent to Plaintiff asking him why he did not appear at the hearing and whether the hearing should be rescheduled. Based upon the guidance provided in Hallex § I-2-4-25(B), C)(1) and 20 C.F.R. §§ 404.911(a), (b) and 416.1411(a), (b), the court finds that the ALJ did not err in determining that Plaintiff failed to provide good cause for his failure

to appear.  Plaintiff fails to provide any reason why he was unable to foresee that taking pain medication might make him sleepy or why he could not direct steps at mitigating the effects of his medication.  Moreover, although Plaintiff stated that he had gotten out of the hospital "a couple of days before the hearing" (Tr. 201), the medical record does not show any hospitalizations in March 2023.  In fact, the record shows that Plaintiff was discharged from his most recent hospitalization on February 13, 2023, which should have afforded enough time to allow Plaintiff to be aware of any side effects from his medication.  (Tr. 26-29, 835).  Under the totality of the circumstances presented, Plaintiff has failed to meet his burden of showing <u>good cause</u>.  *See Parrish v. Colvin*, No. CV414-108, 2015 WL 5095310, at *3 (S.D. Ga. Aug. 28, 2015).

Further, even if the ALJ erred in finding that Plaintiff failed to show good cause for not appearing at the hearing, Plaintiff has failed to show prejudice.  Plaintiff merely speculates that his "testimony could have changed the outcome of the decision" (Doc. 6 at p. 7), without providing any support as to how.  Plaintiff's representative participated at the hearing and was able to present Plaintiff's allegations.  Plaintiff does not articulate how his testimony would have brought forth any additional evidence beneficial to his claim.  Moreover, Plaintiff makes no allegations that the record was incomplete or inadequate, and Plaintiff did not submit any further evidence to the ALJ or the Appeals Council for consideration.  In short, Plaintiff has failed to demonstrate how his presence at the hearing would have altered the ALJ's decision or how his absence from the hearing otherwise resulted in prejudice.

## V.    Conclusion

After carefully and independently reviewing the record, and for the reasons stated above, the court concludes that substantial evidence supported the ALJ's finding that Plaintiff failed to establish good cause for not appearing at the hearing.  Accordingly, it is hereby **ORDERED**:

- that Plaintiff's motion for summary judgment (Doc. 6) is **DENIED**;

- that the Commissioner's motion for summary judgment (Doc. 7) is **GRANTED**; and

- that the Commissioner's decision is **AFFIRMED**.

A separate judgment will issue.

      **DONE** this the 2nd day of April 2025.


_____

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**